UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARNELL MOON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| KIM BRAMLETT, | ) |
| LYNN LYONS, | ) |
| NED BOYD, | ) |
| PATRICK JAMES, | ) |
| DANIEL MACKE, | ) |
| CHARLES DOERGE, | ) |
| UNKNOWN US PROBATION OFFICERS | ) |
| EASTERN DISTRICT OF MISSOURI, | ) |
| CLINT VESTAL, | ) |
| SERGEANT GOGGINS, | ) |
| GARY STOLZER, | ) |
| JASON SCHOTT, | ) |
| ANDY JOHNSON, | ) |
| ANDREW HAR, | ) |
| TARA DAVIS, | ) |
| FLETCHER DEBERA, | ) |
| GRANT SNEED, | ) |
| STEVEN HOLMES, | ) |
| DAMIR BEGOVIC, | ) |
| JO COOPER, | ) |
| JOHN EPPLE, | ) |
| CHARO PRUDE, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendants Kim Bramlett, Charles Doerge, Clint Vestal, Tara Davis, Fletcher DaBera, Grant Sneed, Daniel Macke, Stephen Holmes, Damir Begovic, Jo Cooper, John Epple, and Charo Prude of the United States Probation Office ("USPO") for the Eastern District of Missouri, and Defendants Patrick James and Edward "Ned" Boyd of the United States Marshals Service ("USMS") for the Eastern District of Missouri, in their official capacities, hereby give notice, by

1

and through their attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Karin A. Schute, Assistant United States Attorney for said District, pursuant to 28 U.S.C. §§ 1446(a), 1442(a)(1), and 2679(d)(2) that they are removing this action to the United States District Court for the Eastern District of Missouri, Eastern Division, on the following grounds:

1. Kim Bramlett, Charles Doerge, Clint Vestal, Tara Davis, Fletcher DaBera, Grant Sneed, Daniel Macke, Stephen Holmes, Damir Begovic, Jo Cooper, John Epple, Charo Prude, Patrick James, and Edward Boyd are Defendants in a civil action now pending in the Twenty-Fourth Judicial Circuit, St. Francois County, State of Missouri, Case No. 23SF-CC00194.

2. Moon served Boyd and James on November 7, 2023.  He served Charles Doerge and Fletcher Dabera on November 8, 2023,  Jo Cooper on November 9, 2023, and Kim Bramlett on November 13, 2023.  Moon has not served Tara Davis, Grant Sneed, Daniel Macke, Stephen Holmes, Damir Begovic, John Epple, Charo Prude, Clint Vestal.

3. Plaintiff also named as defendants: "Unknown Probation Officers-Eastern District of Missouri," Andrew Har of the USPO for the Southern District of Alabama, and Lynn Lyons[1] of the United States Bureau of Prisons.  Moon has not served the unnamed Probation Officers, Har, or Lyons.  While these defendants are or were federal employees, undersigned counsel does not have authorization to represent any of them in their official or individual capacities at this time.

4. Plaintiff also named as defendants: Sargent Goggins, Gary Stolzer, Jason Schott, and Andy Johnson of St. Genevieve County Jail.  These defendants are not federal employees.

---

[1] It is undersigned counsel's understanding that Lyons is no longer employed by the United States Bureau of Prisons.

5.      In the state court action against the defendants, Plaintiff Darnell Moon seeks declaratory relief, injunctive relief, and damages under Missouri law for "civil conspiracy, common law fraud, negligence, negligence per se, invasion of privacy, and Infliction of Emotional Distress." Plaintiff's Petition at 5, ¶ 1. Plaintiff also seeks damages for "violations the Electronic Communications Act, the Missouri Wiretapping Act, as well as violations of the Stored Communications Act" and "replevin, detinue, conversion, trespass to chattels, slander, defamation of character, invasion of privacy, and abuse of process under Missouri law." *Id.* Plaintiff further alleges that his lawsuit is "authorized by Missouri law, and by 42 U.S.C. 1983, to redress the deprivation of rights under Missouri state law, secured by the Constitution, and laws of the State of Missouri and the Constitution and laws of the United States." *Id.* Plaintiff is suing each defendant in their individual capacity for damages and their official capacity for injunctive relief. Plaintiff's Petition at 9, ¶ 24.

Plaintiff, who is a convicted felon and characterizes himself as a jailhouse lawyer, is currently serving a term of supervised release in the Eastern District of Missouri with Macke as his probation officer.[2] *See id.* at 9, 14, ¶¶ 25-26, 35. Plaintiff alleges that he filed a motion to transfer his supervision to the Middle District of Tennessee, which was denied on February 17, 2023. Plaintiff's Petition at 15, ¶ 37.

Plaintiff alleges that during a home visit, Macke saw numerous file folders that contained legal paperwork for inmates that Plaintiff was helping. *Id.* at 17 at ¶ 40. In May of 2023, Plaintiff began helping inmate Willie Lowe file a lawsuit against Macke, Lyons, and others. *Id.* at 18-19 at ¶¶ 41-43. Plaintiff further alleges that he filed a "Motion to Replace Probation Officer" in his

---

[2] Moon's underlying criminal case is *United States v. Moon*, Case No. 1:17-CR-00005-AGF, Eastern District of Missouri.

3

criminal case after Macke learned that Plaintiff was helping Lowe with a lawsuit against Macke. *Id.* at 19-20, ¶ 43.  Plaintiff then alleges that Macke requested approval from Chief Probation Officer Bramlett, a criminal AUSA, and Judge Fleissig to record Plaintiff's phone calls and intercept messages between Plaintiff and Lowe.  *Id.* at 21, ¶ 46.

Plaintiff alleges that on August 30, 2023, Macke and other probation officers arrested him and confiscated his phones and computers.  Plaintiff's Petition, at 29-30, ¶ 61.  Plaintiff alleges that Macke accused him of running an illegal law business, to which Plaintiff replied that "almost everyone he has done legal paperwork for, he has not charged them for it."  *Id.* at 30-31, ¶¶ 62-63.

In Count I, Plaintiff alleges a violation of the First Amendment right to freedom of speech against Macke based on Macke's confiscation of Plaintiff's phones, desktop computer, and laptop in order to hinder Plaintiff from assisting others with legal issues.  Plaintiff's Petition at 39-40, ¶¶ 81-83.  In Count II, Plaintiff alleges a violation of the First Amendment right to be free from retaliation against Macke based on Macke's confiscation of Plaintiff's phones and computers as punishment to Plaintiff for helping Lowe file multiple lawsuits against Macke.  *Id.* at 40-41, ¶¶ 84-85.  In Count III, Plaintiff alleges a violation of the First Amendment right to be free from retaliation against Goggins, Stolzer, Schott, and Johnson based on their organization with Macke and Bramlett to raid Plaintiff's apartment.  *Id.* at 42, ¶ 86.

In Count IV, Plaintiff alleges a violation of the right of association under the First Amendment against Macke based on Macke telling Lowe and others not to communicate with Plaintiff.  Plaintiff's Petition at 42-43, ¶¶ 87-88.  In Count V, Plaintiff alleges a violation of the right to freedom of speech by interfering with Plaintiff's right to be a paralegal against Bramlett, Doerge, Boyd, and James based on their interference with Plaintiff's right to assist others with their legal issues.  *Id.* at 43-47, ¶¶ 89-98.  In Count VI, Plaintiff alleges a violation of the Fourth

4

Amendment to be free from unreasonable searches against Macke, Vestal, Davis, DeBera, Doerge, Prude, Sneed, Holmes, Begovic, and Epple based on their search of his home on August 30, 2023. *Id.* at 47-49, ¶¶ 92-97.

In Count VII, Plaintiff alleges a violation of the right to be free from unreasonable seizures under the First Amendment against Vestal, Macke, Cooper, and Bramlett based on their seizure of Plaintiff by placing him in a car while searching his apartment. Plaintiff's Petition at 49-50, ¶ 98. In Count VIII, Plaintiff alleges a "Fifth Amendment Defamation/Stigma Plus Claim" against Macke based on Macke telling Alex Lubbe that Plaintiff was a con artist and engaged in the unlawful practice of law. *Id.* at 50, ¶ 99. In Count IX, Plaintiff alleges a 42 U.S.C. § 1983 civil conspiracy claim against Macke, Boyd, James, Stolzer, Goggins, Schott, Johnson, Lyons, and Har based on their agreement to retaliate against Plaintiff. *Id.* at 50-52, ¶¶ 100-101. In Count X, Plaintiff alleges civil conspiracy under Missouri law against Macke, Boyd, James, Stolzer, Goggins, Schott, Lyons, Johnson, Har, Vestal, Doerge, Cooper, and Bramlett for conspiring to conduct an unlawful search of Plaintiff's home on August 30, 2023. *Id.* at 52-53, ¶ 102.

In Count XI, Plaintiff brings a negligence per se claim under Missouri law against Macke, Bramlett, Cooper, Doerge, Prude, DaBera, Sneed, Holmes, Davis, Epple, Begovic, Har, Stolzer, Schott, Johnson, and Goggins based on their violation of state and federal statutes that protect Plaintiff from retaliation. Plaintiff's Petition at 53, ¶ 103. In Count XII, Plaintiff brings a second negligence per se claim under Missouri law against Macke, Boyd, James, Vestal, Cooper, and Bramlett for violating the Missouri Wiretapping Act. *Id.* at 53-54, ¶ 104. In Count XIII, Plaintiff brings a claim of "invasion of privacy, based upon an intrusion upon seclusion against" Macke, Doerge, Bramlett, and Cooper for interfering with Plaintiff's friendships with Lowe and others. *Id.* at 54-55, ¶ 105. In Count XIV, Plaintiff brings a claim for abuse of process under Missouri

law against Macke, Doerge, Boyd, and James for seeking authorization from Cooper and Bramlett to search Plaintiff's home.  *Id.* at 55-56, ¶ 106.

In Count XV, Plaintiff alleges a Missouri Wiretapping Act violation against Macke, Boyd, James, Droege, Cooper, and Bramlett based on their unlawful interception of Plaintiff's phone calls and text messages to and from Lowe.  Plaintiff's Petition at 56, ¶ 107.  In Count XVI, Plaintiff alleges a claim of defamation of character under Missouri law against Macke for telling Alex Lubbe that Plaintiff is a con artist and engaging in the unlawful practice of law.  *Id.* at 56-57, ¶ 108.  In Count XVII, Plaintiff alleges a claim of slander under Missouri law against Macke, Doerge, Cooper, and Bramlett for falsely claiming that Plaintiff is crazy and needs mental health treatment.  *Id.* at 58, ¶ 109.  In Count XVIII, Plaintiff alleges a claim of false imprisonment under Missouri law against Macke, Vestal, Cooper, and Bramlett based on their false imprisonment of Plaintiff in a car while Plaintiff's home was being raided.  *Id.* at 58, ¶ 110.  In Count XIX, Plaintiff alleges a violation of the Electronic Communications Act against Boyd, James, Macke, Bramlett, and Cooper due to their unlawful and unauthorized interception of Plaintiff's phone calls with Lowe at St. Genevieve County Jail.  *Id.* at 58-59, ¶¶ 111-112.

In Count XXI, Plaintiff alleges a violation of the Federal Wiretapping Act against Boyd, James, Macke, Bramlett, Cooper, Doerge, and Vestal based on their unlawful interception of Plaintiff's phone calls and messages with Lowe at St. Genevieve County Jail.  *Id.* at 59, ¶ 113.  In Count XXII, Plaintiff alleges a claim pursuant to 42 U.S.C. § 1985(2) against James, Boyd, Macke, Bramlett, Cooper, Doerge, and Vestal based on a conspiracy to obstruct justice in federal court.  *Id.* at 59-60, ¶ 114.  In Count XXIII, Plaintiff alleges a claim of Intentional Infliction of Emotion Distress under Missouri law against all the Defendants for causing Plaintiff to suffer severe

6

emotional distress.  *Id.* at 60, ¶ 115.  Plaintiff seeks a variety of monetary damages, as well as a declaratory judgment and preliminary injunction.  *Id.* at 60-61, ¶ 116.

6. The acts alleged against Kim Bramlett, Charles Doerge, Clint Vestal, Tara Davis, Fletcher DaBera, Grant Sneed, Daniel Macke, Stephen Holmes, Damir Begovic, Jo Cooper, John Epple, and Charo Prude are causally related to their official positions with the USPO and are acts under color of office.  None of Plaintiff's allegations concern conduct outside of their workplace.  The acts alleged against Patrick James and Edward Boyd are causally related to their official positions with the USMS and are acts under color of office.  None of Plaintiff's allegations concern conduct outside of their workplace.

7. With regard to the state law claims, the United States Attorney for the Eastern District of Missouri has certified that Kim Bramlett, Charles Doerge, Clint Vestal, Tara Davis, Fletcher DaBera, Grant Sneed, Daniel Macke, Stephen Holmes, Damir Begovic, Jo Cooper, John Epple, Charo Prude, Patrick James, and Edward Boyd were acting within the scope of their federal employment at the time of the incidents out of which the suit arises.  *See* Exhibit A, Declaration of United States Attorney Sayler A. Fleming.  The USPO and USMS are entities that are eligible for coverage under the Federal Tort Claims Act.

8. This Notice of Removal is brought pursuant to 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 2679(d).  As set forth in 28 U.S.C. § 1442(a)(1), a civil action commenced in a state court against the United States or "any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an individual capacity for any act under color of such office . . ." may be removed "to the district court of the United States for the district and division embracing the place wherein it is pending."  In addition, 28 U.S.C. § 2679(d)(2) provides that "[u]pon certification … that the defendant employee was acting within

7

the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending."

9. Additionally, Kim Bramlett, Charles Doerge, Clint Vestal, Tara Davis, Fletcher DaBera, Grant Sneed, Daniel Macke, Stephen Holmes, Damir Begovic, Jo Cooper, John Epple, Charo Prude, Patrick James, and Edward Boyd have colorable federal defenses to Plaintiff's claims: that they are entitled to dismissal pursuant to 28 U.S.C. § 2679(a) and (d)(1) based on a lack of waiver of sovereign immunity, failure to exhaust administrative remedies, lack of a *Bivens* remedy, and qualified immunity. *See Charges of Unprofessional Conduct Against 99-37 v. Stuart*, 249 F.3d 821, 824-25 (8th Cir. 2001) (holding removal was proper where defendant raised sovereign immunity as a federal defense); *Jefferson Co., Ala. v. Acker*, 527 U.S. 423, 447 (1999) (Scalia, J., concurring) (qualified immunity is colorable federal defense for federal officer removal).

10. Venue is proper in this District under 28 U.S.C. § 1441(a) because this District and Division embrace the place in which the removed action has been pending.

11. As required by 28 U.S.C. § 1446(a) and Local Rule 81-2.03, "a copy of all process, pleadings, orders and other documents then on file in the state court including a copy of the state court's docket sheet" are attached.

12. Pursuant to Local Rule 3-2.02, this removal is accompanied by a completed Civil Cover Sheet and an Original Filing Form. A Disclosure Statement is not applicable.

WHEREFORE, this action, now pending in the Circuit Court of the Twenty-Fourth Judicial Circuit of St. Francois County, State of Missouri, is removed to this Court.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

 /s/ Karin A. Schute
KARIN A. SCHUTE, #62019MO
Assistant United States Attorney
Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-6850
(314) 539-2287 FAX
karin.schute@usdoj.gov

*Attorneys for Defendants Bramlett, Doerge, Vestal, Davis, DaBera, Sneed, Macke, Holmes, Begovic, Cooper, Epple, and Prude (Official Capacity Only)*

## CERTIFICATE OF SERVICE

I certify that on December 6, 2023, a copy of the foregoing was filed electronically with the Clerk of the Court, and a copy was mailed to and emailed to:

Darnell Moon
1003 West Columbia Street
Apartment 8
Farmington, MO 63640
*Self-Represented Plaintiff*

Robert Plunkert
plunkert@pspclaw.com
*Attorney for Defendants Goggins, Stolzer, Schott, and Johnson*

 /s/ Karin A. Schute
KARIN A. SCHUTE
Assistant United States Attorney

9