**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

DARNELL W. MOON,                    )
                                    )
            Plaintiff,              )
                                    )
    v.                              )        Case No. 4:23-CV-1560 PLC
                                    )
KIM BRAMLETT, et al.,               )
                                    )
            Defendants.             )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Andrew Har and Lynn Lyons' Motion to Substitute the United States of America as Defendant in this action, filed August 14, 2024. (ECF No. 64) Plaintiff has not responded to the motion, and the time for doing so has passed.[1] For the reasons set forth below, the Court grants the motion.

## BACKGROUND

Plaintiff's claims stem from when he was released from prison on supervised release in November 2022, related to a felony conviction in this District. (ECF No. 4, ¶¶ 25, 31) At the time, Plaintiff's probation officer was Daniel Macke.[2] (*Id.*, ¶ 35) Plaintiff, a convicted felon who previously characterized himself as a jailhouse lawyer, alleges that during that period of supervision, he assisted another former inmate (Willie James Lowe) in filing lawsuits against Macke, Lyons, and others. (*Id.*, ¶¶ 26, 41-43) Plaintiff maintains that when Macke found out, he,

---

[1] Plaintiff responded to a nearly identical motion filed by Defendants Kim Bramlett, Charles Doerge, Clint Vestal, Tara Davis, Fletcher DaBera, Grant Sneed, Daniel Macke, Stephen Holmes, Damir Begovic, Jo Cooper, John Epple, Charo Prude, Patrick James, and Edward Boyd on April 22, 2024. (ECF No. 42) The Court granted the earlier Motion to Substitute the United States of America as Defendant in a Memorandum and Order entered August 15, 2024. (ECF No. 67)

[2] Plaintiff's supervised release was revoked on February 2, 2024, and he was sentenced to ten months imprisonment. (S*ee United States v. Moon*, Case No. 4:23CR365 AGF, ECF Nos. 235-237) Plaintiff is currently incarcerated at the Yazoo City Penitentiary in Yazoo City, MS.

along with Bramlett, James, Boyd and others, used the judicial process to start recording Plaintiff's phone calls with Lowe, and intercepting his text messages and emails. (*Id.*, ¶¶ 45-46, 60) Plaintiff claims Macke contacted people in prison, some of whom Plaintiff was performing legal work for, and "started telling them that plaintiff is a 'con artist' and to not talk to or communicate with the plaintiff." (*Id.*, ¶ 47) Macke also communicated with Defendant Har, who was Lowe's probation officer, and they, along with Lyons, James, and Boyd, "hatched a scheme to have plaintiff arrested for 'being around anyone with a felony.'" (*Id.*, ¶ 48) Plaintiff asserts said Defendants did so in order to retaliate against Plaintiff for assisting Lowe in his legal endeavors. (*Id.*)

Plaintiff further alleges that on August 30, 2023, Macke told Plaintiff that he and others "were conducting a 'reasonable suspicion' search of plaintiff's home, *only* because they had reasonable suspicion to believe plaintiff was engaged in the '*illegal and unauthorized practice of law*' in the State of Missouri[.]"[3] (*Id.*, ¶ 61 (emphasis in original)) Plaintiff claims the officers confiscated his phones and computers "as proof of plaintiff's 'illegal' activities." (*Id.*) Plaintiff again asserts the search was retaliatory in nature, "to punish plaintiff for assisting Lowe with his lawsuits against Macke." (*Id.*, ¶ 63)

On October 10, 2023, Plaintiff filed suit in Missouri state court against employees of the United States Probation Office ("USPO") for the Eastern District of Missouri (Bramlett, Doerge, Vestal, Davis, DaBera, Sneed, Macke, Holmes, Begovic, Cooper, Epple, Prude, and "Unknown U.S. Probation Officers"[4]), Har of the USPO for the Southern District of Alabama, Lyons of the United States Bureau of Prisons, James and Boyd of the United States Marshals Service ("USMS"), and Sergeant Goggins, Gary Stolzer, Jason Schott, and Andy Johnson of the Ste.

---

[3] Plaintiff maintains he has never told anyone that he is an attorney in an attempt to obtain money from them. (ECF No. 4, ¶ 62)
[4] In an Order entered August 13, 2024, the Court dismissed the Unknown U.S. Probation Officers as Defendants in this matter. (ECF No. 62)

Genevieve County Jail. (ECF No. 4) Plaintiff asserted claims under Missouri state law, federal constitutional claims, and violations of federal statutes against Defendants in their individual and official capacities.

On December 6, 2023, a number of Defendants removed Plaintiff's case to this Court pursuant to 28 U.S.C. § 1442(a)(1), which permits removal of claims against United States agencies and officers, and 28 U.S.C. § 2679(d). (ECF No. 1) In connection with the removal, the United States Attorney for the Eastern District of Missouri, Sayler Fleming, certified that Defendants Bramlett, Doerge, Vestal, Davis, DaBera, Sneed, Macke, Holmes, Begovic, Cooper, Epple and Prude are employees of the USPO for the Eastern District of Missouri, that Defendants James and Boyd are employees of the USMS, and that each of these Defendants was acting within the scope of his or her employment during the relevant time period pursuant to 28 U.S.C. § 2679. (ECF No. 1-4)

On August 14, 2024, Fleming and Assistant United States Attorney Karin Schute entered their appearance on behalf of, among others, Har and Lyons in their individual capacities. (ECF No. 63) That same day, Har and Lyons filed the instant Motion to Substitute the United States of America as Defendant. (ECF No. 64) Attached to the motion is a Certification of Scope of Employment from Fleming, certifying that Har was an employee of the USPO for the Southern District of Alabama, that Lyons was an employee of the United States Bureau of Prisons, and that both Defendants were acting within the scope of their employment during the relevant time period pursuant to 28 U.S.C. § 2679. (ECF No. 64-1)

With their motion, Har and Lyons seek only to substitute the United States for the named Defendants in the state law claims alleged in Counts X-XVIII and XXIII, pursuant to the Westfall Act, 28 U.S.C. § 2679(d). In those Counts, Plaintiff alleges state law civil conspiracy (Count X), negligence per se (Counts XI and XII), invasion of privacy (Count XIII), abuse of process (Count

XIV), violations of Missouri's Wiretapping Act (Count XV), defamation of character (Count XVI), slander (Count XVII), false imprisonment (Count XVIII), and intentional infliction of emotional distress (Count XXIII).[5]

## DISCUSSION

In general, the United States and its agencies are immune from suit unless sovereign immunity is waived by Congress. *Loeffler v. Frank*, 486 U.S. 549, 554-555, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988). As it relates to this case, the United States has waived sovereign immunity in civil actions

> for money damages,…for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). The Westfall Act, codified at 28 U.S.C. § 2679, provides for the immunity of federal employees in such actions, as follows:

> The remedy against the United States provided by section[] 1346(b)… of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

28 U.S.C. § 2679(b)(1). The practical effect of these statutes is that if Plaintiff intends to sue Har and Lyons for their allegedly negligent or wrongful acts taken within the scope of their

---

[5] Because the Westfall Act does not apply to claims brought against federal employees for violations of the U.S. Constitution or federal statutes (*see* 28 U.S.C. § 2679(b)(2)), Har and Lyons do not seek to substitute the United States as Defendant in Counts I-IX, XIX, XXI or XXII. (ECF No. 64, P. 1 n. 1) Plaintiff's Complaint does not contain a Count XX.

employment, then his only remedy is against the United States, which must be substituted as the party Defendant. *Kearns v. United States*, 23 F.4th 807, 811 (8th Cir. 2022); *Anthony v. Runyon*, 76 F.3d 210 , 212-213 (8th Cir. 1996).

The Eighth Circuit has held that "the United States shall be substituted as the party defendant upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." *Kearns*, 23 F.4th at 811. Here, the Attorney General (through U.S. Attorney Fleming) filed a Certification of Scope of Employment, stating that Har and Lyons were acting within the scope of their employment during the relevant time period. (*See* ECF No. 64-1). The certification constitutes *prima facie* evidence that these Defendants were acting within the scope of their employment.

However, the certification does not conclusively establish that Har and Lyons were acting within the scope of their employment, such that the United States should be substituted as party Defendant. *Kearns*, 23 F.4th at 811. Rather, if Plaintiff challenges the certification, the Court must independently determine if the Westfall Act applies. *Id.* Plaintiff "'bears the burden of coming forward with specific facts rebutting the certification.'" *Id.* (quoting *Lawson v. United States*, 103 F.3d 59, 60 (8th Cir. 1996)). Furthermore, "'[a]n evidentiary hearing should be held if there are material fact issues in dispute' regarding the scope of employment." *Id.* (quoting *McAdams v. Reno*, 64 F.3d 1137, 1145 (8th Cir. 1995)). Finally, if the Court finds that Har and Lyons were acting outside the scope of their employment, it must refuse to substitute the United States as Defendant. *Id.* at 812.

In determining whether Har and Lyons were acting within the scope of their employment, the Court applies the law of the place where the tortious acts occurred; in this case, Missouri. *Kearns*, 23 F.4th at 812. Under Missouri law,

> [a]n act is within the course and scope of employment if (1) even though
> not specifically authorized, it is done to further the business or the interests
> of the employer under her general authority and direction and (2) it naturally
> arises from the performance of the employer's work.

*Higgenbotham v. Pit Stop Bar and Grill, LLC*, 548 S.W.3d 323, 328 (Mo. App. 2018) (citations

omitted).

In his response to the earlier Motion to Substitute, Plaintiff argued that the Defendants'

conduct was not within the scope of employment, but rather personal and taken with an intent to

retaliate against him.  However, "[w]hether an act was committed within the scope and course of

employment is measured not by the time or motive of the conduct, but by whether it was done by

virtue of the employment and in furtherance of the business or interest of the employer."

*Higgenbotham*, 548 S.W.3d at 328 (citation omitted).  "So long as the act is fairly and naturally

incident to the employer's business, although mistakenly or ill-advisedly done, and did not arise

wholly from some external, independent or personal motive, it is done while engaged in the

employer's business."  *Id.* (citations omitted).

Upon consideration of the record, the Court finds that Har and Lyons were capable of the

acts which form the basis of Plaintiff's state law claims, *i.e.*, allegedly interfering with Plaintiff's

communication and orchestrating his potential arrest for violations of his terms of supervised

release, by virtue of their employment with the United States.  Furthermore, Har and Lyons were

acting to advance the business of the United States, by arguably ensuring that a recently released

felon abided by the terms of his supervised release.  Har and Lyons' Motion to Substitute the

United States of America as Defendant will therefore be granted.[6]

---

[6] As noted above, the United States will be substituted for Har and Lyons only as to Counts X-XVIII and XXIII.  It will not be substituted as Defendant for Counts I-IX, XIX, XXI or XXII, as the Westfall Act does not apply to claims brought against federal employees for violations of the U.S. Constitution or federal statutes.  *See* 28 U.S.C. § 2679(b)(2).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Har and Lyons' Motion to Substitute the United States of America as Defendant (ECF No. 64) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States is **HEREBY SUBSTITUTED** for Defendants Andrew Har and Lynn Lyons as to Counts X-XVIII and XXIII, only.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of September, 2024.